IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| ARMANDO ADAME | § | |
| v. | § | CIVIL ACTION NO. 5:05cv200 |
| STATE OF TEXAS, ET AL. | § | |

MEMORANDUM ADOPTING INITIAL REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Armando Adame, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Adame complained of an incident which occurred on September 23, 2004, in which security doors were opened and he was assaulted by inmates from another section of the prison. After review of the pleadings and complaint, the Magistrate Judge issued a Report on January 11, 2006, recommending that all of the Defendants except for officers Flowers, Suh, Peek, and Pace be dismissed. These four Defendants were ordered to answer the lawsuit.

Adame filed objections to the Magistrate Judge's Report on January 24, 2006. These objections argue that his claims against Lt. Goodin, Sgt. Warner, and Officer Rodriguez be allowed to proceed as well. Adame says that Warner and Rodriguez were gang intelligence officers who had gang members scattered throughout the unit, thus instituting a "behavioral lockdown," but that the lockdown policies were violated on September 23, 2004, when the doors were opened. Adame does not state that either Warner or Rodriguez had anything to do with the incident forming the basis of

1

his lawsuit, but merely contends that policies which they put into place were violated, apparently by other persons. His claims against Rodriguez and Warner are without merit.

Adame also says that Lt. Goodin was the ranking officer in the building, who should have ensured that proper policies were followed, but that Goodin did not even show up until he, Adame, had already been assaulted. This is a claim of liability based on the doctrine of *respondeat superior*, which is generally inapplicable in Section 1983 cases; the Fifth Circuit has held that a supervisor may be held liable if there is personal involvement in a constitutional deprivation, a causal connection between the supervisor's wrongful conduct and a constitutional deprivation, or if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force behind a constitutional deprivation. Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987). Adame has shown none of these with regard to Goodin, and so his claim regarding Goodin is without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Plaintiff's pleadings, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's claims against the State of Texas, TDCJ-CID, Douglas Dretke, Wardens Rupert, Wilson, and Calfey, Major Caeto, Lt. Goodin, Sgt. Fore, Sgt. Warner, Officer Rodriguez, Officer Peterson, Officer Griffen, and the unknown officers be and hereby are DISMISSED with prejudice as frivolous and that these individuals be dismissed as parties to this lawsuit. It is further

ORDERED that the dismissal of these claims and parties not count as a strike for purposes of Section 1915(g). Finally, it is

ORDERED that the dismissal of these claims and parties should have no effect upon Adame's claims against the Defendants Flowers, Suh, Peek, and Pace

**SIGNED this 30th day of January, 2006.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE